UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA G. PENA, BY AND THROUGH HER DAUGHTER AND NEXT FRIEND, MARY ANN DE LOS SANTOS,<br>　　　　Plaintiff<br><br>v.<br><br>MARINER HEALTH CARE INC., ET AL.,<br>　　　　Defendants | Civil No. CC-09-62 |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

　　This case arises from an alleged personal injury sustained by Plaintiff Maria Pena while she was a resident at a nursing home in Alice, Texas. She seeks to recover for her injuries by bringing a declaratory judgment, breach of contract, RICO, and fraudulent transfer action against all of the named Defendants. Defendants Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, SSC Submaster Holdings, LLC, National Senior Care, Inc., Living Centers of Texas, Inc. and Mariner Health Care, Inc. ("Defendants") move to dismiss Plaintiff's claims for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2).[1]

　　Defendants argue this Court does not have personal jurisdiction over them because they have not established "minimum contacts" with the State of Texas. *See Johnston v. Multidata*

---

[1] Avi Schron, Rubin Schron, Murray Forman, and Harry Grunstein also move to dismiss Plaintiff's claims against them for lack of personal jurisdiction. However, in light of this Court's ruling that Plaintiff has not properly served these defendants, this Court has no personal jurisdiction over them. It is therefore unnecessary to address their Rule 12(b)(2) motions.

1

*Systems Intern. Corp*. 523 F.3d 602, 609 (5th Cir. 2008).  In response, Plaintiff contends the Court has personal jurisdiction over Defendants pursuant to the nationwide service of process provision of RICO, which provides as follows:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.  18 U.S.C. §1965(b).

When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.  *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).  In *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822 (5th Cir. 1996), the Fifth Circuit confirmed its ruling in *Busch* applies to federal statutes providing for nationwide service of process ("we placed no limitation on our conclusion in *Busch* regarding personal jurisdiction in cases involving federal statutes providing for nationwide service of process").  *See also Luallen v. Higgs*, 277 Fed. Appx. 402, , 405 (5th Cir. 2008).

Defendants argue RICO cannot be the basis for personal jurisdiction over them because Plaintiff has not shown "that the ends of justice [so] require" as required by §1965(b).  They cite to several cases, none of which are binding on this Court, for the proposition that the Fifth Amendment requires plaintiff's choice of forum to be fair and reasonable to the defendant.  Defendants argue Plaintiff has failed to demonstrate how trying this case in Texas would be fair and reasonable to them.  While the Court appreciates Defendants' concerns, it is bound by the Fifth Circuit's broad holding in *Busch*.  Plaintiff has clearly demonstrated and Defendants do not dispute that they have

had minimum contacts with the United States. As such, the Court finds it has personal jurisdiction over Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, SSC Submaster Holdings, LLC, National Senior Care, Inc., Living Centers of Texas, Inc., and Mariner Health Care, Inc. Their motions to dismiss for lack of subject matter jurisdiction are DENIED.

ORDERED July 1, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE