UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA G. PENA, BY AND THROUGH HER DAUGHTER AND NEXT FRIEND, MARY ANN DE LOS SANTOS,<br>　　　　Plaintiff<br><br>v.<br><br>MARINER HEALTH CARE INC., ET AL.,<br>　　　　Defendants | §§§§§§§§§§§§§　Civil No. CC-09-62 |

## MEMORANDUM OPINION AND ORDER GRANTING AND DENYING DEFENDANTS' MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

This case arises from an alleged personal injury sustained by Plaintiff Maria Pena while she was a resident at a nursing home in Alice, Texas. She seeks to recover for her injuries by bringing a declaratory judgment, breach of contract, RICO, and fraudulent transfer action against all of the named Defendants. Defendants Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, SSC Submaster Holdings, LLC, Avi Schron, Rubin Schron, Murray Forman, and Harry Grunstein move to dismiss Plaintiff's claims for insufficient service of process, pursuant to FED. R. CIV. P. 12(b)(5).

## I.   APPLICABLE LAW

*Service of Process on Corporations*

Pursuant to FED. R. CIV. P. 4(h), there are two ways to serve a domestic corporation: (1) in the manner prescribed by Rule 4(e)(1) for serving and *individual*, or (2) by delivering a copy of the

1

summons and the complaint to an agent authorized by appointment or law to receive service of process. FED. R. CIV. P. 4(h)(1)(A) and (B). Rule 4(e)(1) provides that an individual may be served by following the state law for serving a summons in the state where the district court is located or where service is made. *Id*. at 4(e)(1).

With the exception of personal delivery, a foreign corporation may be served in any manner prescribed by Rule 4(f) for serving an individual. *Id*. at 4(h)(2). Rule 4(f) provides that an individual in a foreign country may be served by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *Id*. at 4(f)(1). If there is no internationally agreed means or such an agreement allows but does not specify other means of service, an individual in a foreign country may be served by other means described in Rule 4(f)(2). *Id*. at 4(f)(2).

### *Services of Process on Individuals*

Unless federal law provides otherwise, an individual within the United States may be served in one of four ways: (1) by following the state law for serving a summons in the state where the district court is located or where service is made, (2) delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy of each at the individual's usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *Id*. at 4(e).

## II.  ANALYSIS

Corporate Defendants Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, and SSC Submaster Holdings, LLC contend Plaintiff's service of process does not comply with Texas law, pursuant to FED. R. CIV. P. 4(e)(1). They contend Plaintiff's citations do not meet the requirements for substituted service of process under the Texas Long-Arm Statute, which provides for substituted service on certain nonresidents through the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE §17.044. Individual Defendants Avi Schron, Rubin Schron, Murray Forman object that the persons served with summons on their behalf were not authorized by law or appointment to do so. Defendant Harry Grunstein contends service of process on him does not comply with the Hague Convention.

In response, Plaintiff offers the "Affidavits of Service" on file with the Court. The contents of each affidavit are sworn to by Mike Techow, a private process server, before a notary public. In each affidavit, Techow states that he delivered a copy of the summons and complaint by certified mail to a specific person or entity "in compliance with state statutes." In some instances he specifies the person or entity as being a "[R]egistered Agent" or "Authorized Person." He also certifies that he is over the age of 18, of sound mind, has no interest in this case, and is a "Certified Process Server in good standing in the judicial circuit in which the process was served." With the exception of Murray Forman, attached to each affidavit of service is a return receipt that contains a signature indicating receipt.

Pursuant to Rule 4(h), a domestic corporation may be served by following the state law for serving an individual in the state where the district court is located or where service is made. In Texas, a nonresident individual may be served by certified mail so long as the return of citation by

3

an authorized person is sworn and contains the return receipt with the addressee's signature. *See* TEX. R. CIV. P. 108. In each affidavit of service, Mike Techow swears under oath that he served Defendants via certified mail "in compliance with state statutes." The Corporate Defendants do not object to the affidavits or offer any evidence to show that the persons who signed the return receipts were not authorized to accept service on their behalf. As such, the Court finds Plaintiff's service of process on Defendants Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, and SSC Submaster Holdings, LLC was proper under Rule 4(h)(1)(A). Their motions to dismiss for insufficient service of process are DENIED.

The return receipts attached to the Schron affidavits of service are addressed specifically to Avi and Rubin Schron but signed by "K. Love." In Texas, when service is made by certified mail, the return receipt must contain the addressee's signature. According to their sworn affidavits, Avi Schron and Rubin Schron have never been personally served with process in this suit and "[N]o agent authorized by appointment or by law has been served with process in the suit at issue." The Court finds Plaintiff has failed to demonstrate proper service of process on Avi and Rubin Schron. Avi Schron and Rubin Schron's motions to dismiss for insufficient services of process are GRANTED.

The return receipt attached to Murray Forman's affidavit of service is not signed. In his sworn affidavit, Murray Forman states that he has never been personally served with process in this suit. The Court finds Plaintiff has failed to demonstrate proper service of process on Murray Forman. His motion to dismiss for insufficient services of process is GRANTED.

The certified mail return receipt attached to Harry Grunstein's affidavit of service is addressed to him at an Atlanta, Georgia address. The receipt is signed by "A. Holley." According

to his sworn affidavit, Harry Grunstein is a resident and citizen of Israel, has not maintained a residence in the United States since March 31, 2006, and has "never been personally served with process of the suit at issue." Moreover, the Hague Convention does not permit service by mail. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002). The Court finds Plaintiff has failed to demonstrate proper service of process on Harry Grunstein. His motion to dismiss for insufficient services of process is GRANTED.

ORDERED July 1, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE